Harold J. Crawford, J.
This is a proceeding by an enrolled member of the Liberal party in the Fourth Assembly District, County of Queens, to invalidate a petition filed on August 15, 1962, in the office of the Board of Elections, requesting an opportunity to write in the name of an undesignated candidate for the public office of Assemblyman in said district on the Liberal party ballots or line on the voting machines at the primary election to be held on September 6, 1962.
While the petition thus filed with the Board of Elections contains 52 signatures or 19 more than is required, the applicant contends that all of the signatures are invalid since all of the pages of the petition were typewritten and not printed as required by section 134 of the Election Law and that 6 pages of the petition are carbon copies of the original typewritten petition sheets.
It is true that section 134 of the Election Law — entitled “ Designation by petition of candidates at primary election ”— requires that such designating petition “he printed”. The petition that was filed here, however, is not the designating petition contemplated by said statute. It is a “ Petition for opportunity to ballot in primary elections ”, as defined in section 148 of the Election Law (added by L. 1959, ch. 684, § 10; amd. by L. 1960, ch. 1042, § 3, eff. April 30, 1960). The petition contemplated by this section has for its purpose the obtaining of “an opportunity to write in the name of a candidate or candidates, who need not be specified ” for public office or the election of a candidate for party position in a primary election. The requirements for the form of such a petition are mandated by section 148-a of the Election Law and nowhere in either section is there a requirement that the petition therein contemplated be printed. That being so, this court cannot, under the guise of construction, impose the requirement that such petition be printed. That is within the province of legislation. The application is, accordingly, denied.